■ ROBERT J. DWYER, Respondent-Appellant, v CAROLYN B. DWYER, Appellant-Respondent. [719 NYS2d 48] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered January 5, 1999, which, *inter alia*, granted defendant mother's cross motion for an upward modification of child support only to the extent of modifying the parties' stipulation of settlement, incorporated in their judgment of divorce, so as to require plaintiff father to pay for 85%, 70% and 50% of the parties' child's uninsured speech and occupational therapy expenses over a three-year period, and awarded defendant $1,000 in counsel fees, unanimously modified, on the facts, to award defendant $3,500 in counsel fees, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about March 8, 2000, which, *inter alia*, directed defendant, in the first instance, to use therapists who are part of plaintiff's health insurance plan unless there is a verifiable medical reason for doing otherwise, unanimously modified, on the facts, to delete such directive, and otherwise affirmed, without costs.

Defendant fails to show a change of circumstances warranting an upward modification of child support other than the cost of the child's speech and occupational therapy, which cost was appropriately isolated by the motion court as health care expenses for which defendant is to separately account to plaintiff. The award of these expenses, which was made in downward sliding percentages over a three-year period, is challenged by defendant as grossly disproportionate to the parties' respective incomes, and less than she was entitled to under the Child Support Standards Act. However, the parties elected to have their child support obligations determined by agreement, not statute, and the agreement herein, under which plaintiff must pay $125 a month in uninsured medical expenses, and now modified to add a portion of the therapy costs for a three-year period, is not so unfair that plaintiff should be required to pay more on a permanent basis. However, the court should not

have directed defendant, in the first instance, to use therapists who belong to plaintiff's health insurance plan since it might be disruptive to the child's therapy to have him change therapists in mid-course. The counsel fees awarded to defendant were inadequate to the extent indicated. We have considered and rejected the parties' other arguments for affirmative relief. Concur—Andrias, J. P., Lerner, Saxe, Buckley and Friedman, JJ.